ACCEPTED
05-18-00469-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/1/2018 10:18 AM
LISA MATZ
CLERK

No. 05-18-000469-CV

=================================================== FILED IN ————
5th COURT OF APPEALS
DALLAS, TEXAS

# IN THE FIFTH COURT OF APPEALS

6/1/2018 10:18:31 AM
LISA MATZ
Clerk

## DALLAS, TEXAS

==========================================================

RONNA HODGES, ET AL.                                                    APPELLANTS

V.

JOHN CURTIS HODGES, ET AL.                                           APPELLEES

_____

### APPELLEES' NOTICE OF TRIAL COURT'S ORDER

Appellees, John Curtis Hodges, Jr. and Dawn Trevillyan, request that this Court take judicial notice of the attached Findings and Order on Appellant Ronna Hodges's Statement of Inability to Afford Payment of the Court Costs on Appeal entered by the trial court on May 31, 2018.

Respectfully submitted,

H. Craig Black
2510 Lee Street
Greenville, Texas 75401
Tel: (903) 454-2168
Fax: (903) 454-3003
State Bar No. 02371400
hcblack@att.net

-1-

M. KEITH DOLLAHITE, P.C.
5457 Donnybrook Avenue
Tyler, Texas  75703
(903) 581-2110
(903) 581-2113  (Facsimile)
keith@mkdlaw.us

*/s/ Keith Dollahite*

By:_____
M. Keith Dollahite
State Bar No. 05958550

## CERTIFICATE OF SERVICE

This document was filed and served electronically on Matthew K. Kita, P.O. Box 5119, Dallas, Texas 75208, matt@mattkita.com, and by certified mail, return receipt requested upon Ronna Lee Hodges, 3053 PR 2282, Quinlan, Texas 75474, on June 1, 2018.

*/s/ Keith Dollahite*

_____



# Hunt County Court at Law 2

Honorable F. Duncan Thomas
P.O. Box 1097
Greenville, Texas 75403

May 31, 2018

Mr. Matthew Kita
P. O. Box 5119
Dallas, Texas 75208

Mr. Craig Black
2510 Lee Street
Greenville, Texas 75401

RE:  CC1700152
     John Curtis Hodges, et al.
     V.
     Ronna Hodges, Et Al

Dear Sirs:

     Please find enclosed the Court's order regarding Mrs. Hodges' request not to pay costs of her appeal.

Sincerely,

F. Duncan Thomas, Judge
Hunt County Court at Law 2

**CAUSE NO. CC1700152**

| | | |
|---|---|---|
| **JOHN CURTIS HODGES, ET AL.** | § | **IN THE COUNTY COURT** |
| | § | |
| **V.** | § | **AT LAW NO. 2** |
| | § | |
| **RONNA HODGES, ET AL.** | § | **HUNT COUNTY, TEXAS** |

### FINDINGS AND ORDER ON APPELLANT, RONNA HODGES', STATEMENT OF INABILITY TO AFFORD PAYMENT OF COURT COSTS ON APPEAL

On the 30th day of May, 2018, pursuant to Texas Rules of Civil Procedure 145, this court conducted a hearing concerning Appellant, Ronna Hodges' claim of inability to pay costs, particularly, the trial record with an estimated cost of $6,400.00.

The Court has considered: Petitioner's Exhibit 1, Petitioner's Exhibit 2, and Respondent's Exhibit 1, which contains portions of Ronna Hodges' Deposition from October 18, 2017 prior to the trial. The Court also considered Ronna Hodges' live testimony on the 30th day of May, 2018, and, of course, argument of counsel.

The Court makes the following Findings of Fact and Conclusions of Law:

1. The exhibit labels of "Petitioner" refer to Appellant, Ronna Hodges' exhibits.

2. The exhibit label of "Respondent" refers to exhibits of Mr. Hodges, Jr. et al., who prevailed in the trial court and are Appellees.

3. Appellant does not qualify for any benefits under TRCP 145(e) (1), (2), or (3). Also, Appellant was not found to be indigent for

purposes of trial. And, no statement of inability to pay costs was filed in the trial court.

4. The Appellant stated in her deposition that her husband's income is over $60,000 per year.

5. Appellant testified in her deposition that she grossed about $8,000 in law practice in 2017 up until October, 2017.

6. Appellant stated that in the month of May, 2018, she received fees of $9,600. Also, Appellant works from her home which cuts her overhead costs.

7. Appellant testified that her home is worth approximately $40,000 with a lien of $13,000 or $14,000, which would leave an equity amount of approximately over $25,000.

8. Appellant testified that she has 20 acres of land of which 18 acres can be cut for hay, which would generate 2 to 3 round bales per acre which could be sold at $100 per bale. That would result in $3,600 to $5,400 in additional income to Appellant minus the expenses of cutting and baling. (However, Appellant testified in her deposition that she has a tractor and baling equipment.)

9. Appellant testified in her deposition in October 2017 that she and her husband owned 2.25 acres with their residence. (See Respondent's Exhibit 1.) In her revised Exhibit A filed the day of the hearing, (Petitioner's Exhibit "2") she stated that her home was on 1.24 acres. This is an example to the Court of the lack of credibility of the Appellant that the Court experienced during the trial and noted in the Court's Findings of Facts and Conclusions of Law after rendering the Court's Judgment.

10. Another example where the Court questions the credibility of the Appellant is her statements about her husband's income.

a. In her deposition in October 2017, she testified that her husband's income was "$60,000 or more", which is $5,000 per month or more.

b. ~~In her "Statement of Inability to Afford Payment of Court~~ Costs or an Appeal Bond", which was filed on May 11, 2018 she listed his income at $3,971.40 per month.

c. On May 30, 2018, when the Court held a hearing on her application to not have to pay costs, Appellant has a revised Exhibit "A", (Petitioner's 2) where her spouse's income is now $3,546.73 per month.

There is no explanation, no evidence that he changed jobs, etc. The only explanation is the Appellant's lack of credibility.

The Court finds that considering all the evidence that the Appellant, Ronna Hodges, is not indigent and is able to pay costs.

IT IS SO ORDERED.

SIGNED this the ____31st____ day of May, 2018.

_____
JUDGE PRESIDING